**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2015[*]
Decided June 3, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-2361

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-20049-001 |
| DEREK L. EDWARDS, *Defendant-Appellant.* | James E. Shadid, *Chief Judge.* |

**O R D E R**

Derek Edwards pleaded guilty to possessing with intent to distribute at least an ounce of crack cocaine, and was sentenced to 235 months' imprisonment. On appeal he challenges the validity of his guilty plea and the quality of the representation he received in the district court. We affirm.

Edwards was arrested following a search of his home in July 2012. He admitted at that time that police would find crack cocaine in the residence (they found 32.2

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

grams) and that $300 found in his pockets was proceeds from the sale of crack cocaine. Police also found a number of firearms that Edwards admitted using for personal protection. Edwards was charged one month later with possessing with intent to distribute more than 28 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1).

At a status hearing before Judge McCuskey in May 2013, the parties discussed the possibility of a plea agreement. The judge, without inquiring into the state of the negotiations, conferred with the parties about the preliminary calculations in the presentence investigation report. Both the prosecutor and defense counsel confirmed their preliminary understanding that Edwards faced a guidelines range of 120 to 137 months, a range bounded on the low end by the statutory minimum.

Five months later Edwards pleaded guilty to the drug charge. At the change-of-plea hearing, the prosecution noted for the record that it had offered to recommend a 137-month sentence in exchange for Edwards's pleas of guilty to both charges. The prosecution also noted that the offer would be withdrawn if Edwards pleaded to just the drug charge, and then "he could be facing 235 to 293 with no promises or recommendations." Defense counsel informed the court that he had discussed the offer with Edwards, but that Edwards wished to plead guilty to the drug charge anyway.

The judge then informed Edwards that if he wished to plead guilty only to the drug charge, proceedings on the gun charge would be continued until after sentencing on the drug charge. The judge reassured Edwards "that I would guarantee . . . that we would not make Count 2 consecutive were [you] later to plead or be found guilty of that offense, because . . . I don't see anything today that would make me believe that it would be consecutive." Moments later the judge realized that "maybe I said something I shouldn't have" about any potential sentence, but confirmed his belief that the record would not warrant consecutive sentences. Edwards then conferred with his lawyer and pleaded guilty to the drug charge. During the plea colloquy, the judge admonished Edwards that he faced a five-year minimum sentence, and not the ten-year statutory minimum announced at the hearing in May. Edwards also confirmed that no one had promised him a specific sentence.

Ultimately, Judge McCuskey sentenced Edwards to a term at the bottom of the calculated guidelines range of 235 to 293 months. Adopting the findings of the probation officer, the court calculated a total offense level of 33 and placed Edwards

within criminal-history category VI. The court deemed Edwards responsible for 2.55 kilograms of crack cocaine based on his videotaped admission after his July 2012 arrest that he had acquired 9 ounces of the drug on ten separate occasions in the months before the arrest. The court rejected defense counsel's challenge to the drug quantity calculation on the ground that Edwards was lying in the video, disbelieving Edwards's testimony that he had inflated his own use on the theory that the police might release him so that he could become an informant. The case was transferred to Chief Judge Shadid, after which the government voluntarily dismissed the pending felon-in-possession charge.

On appeal Edwards, now pro se, primarily raises a series of challenges to his guilty plea. First, invoking FED. R. CRIM. P. 11(c)(1), Edwards argues that Judge McCuskey impermissibly participated in plea negotiations because his comments led Edwards to believe that he would receive a sentence of 137 months' imprisonment no matter what course of action he took—accepting the government's plea offer, pleading without an agreement, or proceeding to trial. Edwards contends that the judge's "guarantee" of a concurrent sentence also assured him that he would receive the same sentence as the rejected plea offer. Although district judges are categorically barred from intervening in plea negotiations, *see United States v. Davila*, 133 S. Ct. 2139, 2146 (2013); *United States v. Kraus*, 137 F.3d 447, 452 (7th Cir. 1998), it was the government, not the judge, who mentioned the possibility of a 137-month sentence. Judge McCuskey never opined on the government's offer, but accurately noted that Edwards faced a statutory maximum sentence of 40 years' imprisonment. And the judge's comments about the potential effect of a conviction on the gun charge were harmless because that charge was later dismissed and has no bearing on Edwards's sentence.

Edwards also presses on appeal three theories of ineffective assistance of counsel, two of which he believes require us to vacate his plea. He first argues that he received ineffective assistance of counsel during plea negotiations because his trial attorney never informed him that the government had made two plea offers, one offer to recommend a sentence of 120 months and one to recommend 137 months. But no evidence exists of a purported 120-month bargain. The record does reflect the government's offer to recommend a 137-month sentence in exchange for Edwards's guilty pleas, but even if we assume that Edwards can show deficient performance from his lawyer's failure to communicate the existence and content of an offer of a plea bargain, *see Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *Overstreet v. Wilson*, 686 F.3d 404, 406 (7th Cir. 2012), he cannot show prejudice, *see Strickland v. Washington*, 466 U.S. 668, 693 (1984). As suggested by the Court in *Frye*, the government here disclosed the

plea offer in open court, thereby ensuring that Edwards was fully advised of it. 132 S. Ct. at 1409; *see United States v. Braxton*, No. 13-1941, 2015 WL 1905882, at *1 n.1 (4th Cir. 2015).

Edwards also argues that he received ineffective assistance because trial counsel allegedly told him that he would not receive a sentence greater than 137 months. This inaccurate sentencing prediction, he asserts, induced him to plead guilty without the benefit of any plea bargain. But no evidence exists in the record to support this assertion. In any case, an off-the-mark sentencing prediction in itself does not demonstrate deficient performance. *See Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006); *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). Rather, deficient performance results when counsel's reason for making an erroneous prediction is objectively unreasonable, and Edwards develops no such argument.

Finally, Edwards argues that he received ineffective assistance of counsel at sentencing because his lawyer—when challenging the reliability of his videotaped confession—failed to make use of a medical report that he says finds him mentally incompetent. But Edwards mischaracterizes the report, which characterizes him as a malingerer and not mentally ill. Counsel's failure to press what would have been an unsuccessful argument did not constitute deficient performance. *See Shell v. United States*, 448 F.3d 951, 956–57 (7th Cir. 2006).

We have considered Edwards's remaining contentions, and they do not warrant further discussion. The judgment of the district court is AFFIRMED.